```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MINNESOTA
                     Civil No. 12-565(DSD/TNL)
```

Anthony L. Haubrich, Lecia
R. Connors f/k/a Lecia R.
MacLeod, Ryan P. Connors,
Gaoxee M. Yang, and
Daua Yang,

       Plaintiffs,

v.                                                          **ORDER**

U.S. Bank National Association,
Mortgage Electronic Registration
Systems, Inc., MERSCORP, Inc.,
and Federal Home Loan Mortgage
Corporation,

       Defendants.

    William B. Butler, Esq. and Butler Liberty Law, LLC, 33 South Sixth Street, Suite 4100, Minneapolis, MN 55402, counsel for plaintiffs.

    Brian L. Vander Pol, Esq., Dustin Adams, Esq., Peter W. Carter, Esq. and Dorsey & Whitney LLP, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402, counsel for defendants.


    This matter is before the court upon the motions to dismiss and for sanctions by defendants. Based on a review of the file, record and proceedings herein, and for the following reasons, the

motion to dismiss is granted[1] and the motion for sanctions is denied.

**BACKGROUND**

In this mortgage-foreclosure dispute, plaintiffs Anthony L. Haubrich, Lecia R. and Ryan P. Connors and Gaoxee M. and Daua Yang challenge foreclosure-by-advertisement proceedings by defendant U.S. Bank, National Association (U.S. Bank). Plaintiffs also sue defendants Mortgage Electronic Registration Systems, Inc. (MERS); MERSCORP, Inc. and Federal National Mortgage Association (FNMA). Each of the plaintiffs executed promissory notes and mortgages of real property in Minnesota. Thereafter, plaintiffs defaulted, and U.S. Bank foreclosed the mortgages. The properties were sold at sheriff's sales.

The mortgage of each property defines the term "lender." VanderPol Aff. Ex. A, ECF No. 9-1, at 2 ("Lender is Home Loan Corporation DBA Expanded Mortgage Credit"); Id. Ex. D, ECF No. 9-4, at 3 ("'Lender' is Argent Mortgage Company, LLC); Id. Ex. G, ECF No. 9-7, at 3. ("'Lender' is U.S. Bancorp Advantage LLC"). Each mortgage contains a covenant by plaintiffs to "pay when due the

---

[1] Other judges of this District have dismissed materially identical complaints. See Anderson v. CitiMortgage, Inc., No. 12-230, 2012 WL 3025100, (D. Minn. July 24, 2012) (Montgomery, J.); Johnson v. Deutsche Bank Nat. Trust Co., No. 12-445, 2012 WL 2119258 (D. Minn. June 11, 2012) (Frank, J.). The court finds the reasoning of those decisions persuasive.

principal of, and interest on, the debt evidenced by the Note." Id. Exs. A § 1, D § 1, G § 1. Each mortgage gives the lender and its successors and assignees the right to "require immediate payment in full of all sums secured by [the mortgage] without further demand" and to "invoke the power of sale and any other remedies permitted by Applicable Law" following a "breach of any covenant or agreement in [the mortgage]" by the borrower. Id. Ex. A § 22, ECF No. 9-1, at 11; see id. Exs. D § 22, G § 22.

Plaintiffs provide the promissory note related to the Connors transaction and suggest that the Yang and Haubrich notes contain similar or identical language. The note defines lender the same way as the mortgage: Argent Mortgage Company, LLC. Compl. Ex. A, ¶ 1. Unlike the mortgage, the note also defines "note holder": "[t]he Lender or anyone who takes this Note by transfer and who is entitled to receive payments under the Note is called the Note Holder." Id.

The court summarizes the relevant details of each transaction from which this action arises.

In August 2003, Haubrich executed a promissory note and gave a mortgage of real property to Home Loan Corporation dba Expanded Mortgage Credit (EMC). Compl. ¶ 1. The Chisago County Recorder recorded the mortgage on September 25, 2003. Compl. Ex. 1, ECF No.

3

1-1, at 25.² On December 31, 2010, EMC assigned the mortgage and the promissory note to U.S. Bank National Association Trustee on Behalf of the Certificateholders of the Terwin Mortgage Trust 2004-1HE, Asset-Backed Certificates, TMTS Series 2004-HE. Vander Pol Decl. Ex. B; see Compl. ¶ 10. The Chisago County Recorder recorded the assignment on January 5, 2011. Vander Pol Decl. Ex. B. U.S. Bank foreclosed the Haubrich mortgage. The property was sold at a sheriff's sale on August 12, 2011. Butler Decl. Ex. 3.

In January 2007, the Connorses executed a promissory note and gave a mortgage of real property to Argent Mortgage Company, LLC (Argent). The Wright County Recorder recorded the mortgage on February 28, 2007. Compl. Ex. 2, ECF No. 1-1, at 39. On July 10, 2009, Argent, though Patricia Olivera signing as an Argent vice president, assigned the mortgage to U.S. Bank National Association, in its capacity as Trustee for the CMLTI Asset-Backed Pass-Through Certificates, Series 2007-AMC3. Vander Pol Decl. Ex. E; see Compl. ¶ 10. At the time, Olivera was employed by ACC Capital Holdings, a subsidiary of Ameriquest Mortgage. McPherson Aff.³ ¶ 1. Argent

---

² The exhibits do not have page numbers and are not Bates stamped; therefore, the court uses the ECF page stamps to identify pages within exhibits.

³ Other than the words, "Notary Public," the purported affidavit lacks all of the elements of an official notarial stamp required for a certificate of a notarial act. See Minn. Stat. § 358.47(a); Id. § 359.03, subdiv. 3. As a result, excluding the document from consideration is warranted. See Elder-Keep v. Aksamit, 460 F.3d 979, 984 (8th Cir. 2006). For purposes of this
(continued...)

4

is also a subsidiary of Ameriquest. The Wright County Recorder recorded the assignment on July 16, 2009. Vander Pol Decl. Ex. E. U.S. Bank foreclosed the Connors mortgage. The property was sold at a sheriff's sale on July 18, 2011. Butler Decl. Ex. 1.

In July 2005, the Yangs executed a promissory note and gave a mortgage of real property to MERS as nominee for lender U.S. Bancorp Advantage LLC. The property is registered in the Minnesota Torrens system. See Compl. Ex. 3, ECF No. 1-1, at 79. The Anoka County Recorder recorded the mortgage on July 13, 2005. Id. On March 9, 2011, MERS assigned the mortgage to U.S. Bank, N.A. Vander Pol Decl. Ex. H; see Compl. ¶ 10. The Anoka County Recorder recorded the assignment on March 28, 2011. Vander Pol Decl. Ex. H. U.S. Bank foreclosed the Yang mortgage. The property was sold at a sheriff's sale on July 26, 2011. Butler Decl. Ex. 2.

The present action began in Minnesota court on February 8, 2012. Plaintiffs seek to quiet title, a declaration that defendants have no right to foreclose and a declaration regarding the right to accelerate. Plaintiffs also claim slander of title. Defendants timely removed. Defendants move to dismiss for failure to state a claim and move for sanctions.

---

[3](...continued)
order, however, the court assumes all statements contained in the document to be true.

**DISCUSSION**

**I. Motion to Dismiss**

    **A. Standard of Review**

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. See Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action are not sufficient to state a claim." Iqbal, 129 S. Ct. at 1949 (citation and internal quotation marks omitted).

The court does not consider matters outside the pleadings in deciding a motion to dismiss under Rule 12(b)(6). See Fed. R. Civ. P. 12(d). The court may consider materials "that are part of the public record," Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999), and matters "necessarily embraced by the pleadings and exhibits attached to the complaint." Mattes v. ABC

6

Plastics, Inc., 323 F.3d 695, 698 n.4 (8th Cir. 2003). In the present action, the court considers the notes, mortgages, assignments and other foreclosure-related documents as they are necessarily embraced by the pleadings and most are public records.

**B. Quiet Title[4]**

Minnesota law permits persons in possession of real property to "bring an action against another who claims an estate or interest therein, or a lien thereon, adverse to the person bringing the action, for the purpose of determining such adverse claim and the rights of the parties, respectively." Minn. Stat. § 559.01. As an initial matter, in Minnesota, "[a]ctions to quiet title and determine adverse claims are equitable actions." Gabler v. Fedoruk, 756 N.W.2d 725, 730 (Minn. Ct. App. 2008) (citing Miller v. Hennen, 438 N.W.2d 366, 371 (Minn. 1989)); Denman v. Gans, 607 N.W.2d 788, 793 (Minn. Ct. App. 2000) ("[W]here the plaintiff is in possession of the property and brings an action to determine an adverse claim to the property, the case is equitable...."); cf. Leggett v. Cole, 3 F. 332, 332 (C.C.D. Minn. 1880) (holding action under predecessor statute to § 559.01 "belongs on the equity docket"). A plaintiff who seeks equity must come into court with clean hands. Santee v. Travelers Ins. Co., 275 N.W. 366, 368 (Minn. 1937).

---

[4] Section 559.01 does not concern actions to quiet title; it addresses actions to determine adverse claims. The court follows the nomenclature used by plaintiffs.

7

Plaintiffs in the present action come to court with unclean hands. They defaulted on their mortgage loans by failing to make promised payments. Plaintiffs now live in the houses without making payment, and they seek to declare their mortgages invalid after defaulting. In short, plaintiffs seek equitable relief from a outcome of their own creation. When pressed at oral argument, plaintiffs argued that the actions of banks and MERS during the present housing crisis are even more offensive than their own. But "it is irrelevant whether anyone other than [plaintiffs] acted with 'unclean hands'". Heidbreder v. Carton, 645 N.W.2d 355, 371 (Minn. 2002). As a result, given their present state of default, plaintiffs cannot state a quiet-title claim, and dismissal is warranted.

Even if a quiet-title action were available to plaintiffs, the present complaint fails to state a claim. To state a quiet-title claim, a plaintiff must state facts sufficient to allow the court to draw the reasonable inference that he or she is in possession of property and that a defendant claims a right or title to the property but has no such right or title. See Iqbal, 129 S. Ct. at 1949; Smola v. City of W. St. Paul, 47 N.W.2d 789, 789–90 (Minn. 1951). When, as here, a foreclosed property is sold at a sheriff's sale, "upon expiration of the time for redemption, the [sheriff's certificate of sale] shall operate as a conveyance to the purchaser or the purchaser's assignee of all the right, title, and interest

of the mortgagor in and to the premises named therein." Minn. Stat. § 580.12. The redemption period has expired for all the properties at issue: plaintiffs cannot claim that defendants have no right or title to the property. As a result, plaintiffs cannot state a quiet-title claim, and dismissal is warranted.

Moreover, plaintiffs claim, "upon information and belief" that defendants have no right or title to the properties "for some or all of the following" possible reasons: the mortgages are not perfected; defendants are not note holders; defendants are not entitled to receive payments under the notes; notices and assignments were not executed by an authorized individual; and the mortgage assignments were invalid. Compl. ¶ 34. On its face, this conclusory allegation fails to state a claim for relief, especially in light of the effect of the sheriff's certificate of sale. See Minn. Stat. § 580.19 ("Every sheriff's certificate of sale made under a power to sell contained in a mortgage shall be prima facie evidence that all the requirements of law in that behalf have been complied with ... after the time for redemption therefrom has expired."). In the interest of justice, however, the court considers whether the complaint states a claim for any of plaintiffs' possible reasons.

### 1. Perfection of Mortgages

Plaintiffs first argue that the mortgages are invalid because "[t]he mortgages are not properly perfected," Compl. ¶ 34(a).

9

Plaintiffs offer no facts to support this conclusory assertion. Plaintiffs also fail to explain what is required to "perfect" a mortgage in Minnesota or why failure to do so has any effect on foreclosure. To the extent that plaintiffs suggest that the mortgages have not been recorded, the claim is meritless because the record shows that all mortgages were recorded. As a result, plaintiffs fail to state a claim regarding perfection of the mortgages.

### 2. Note Holders and Entitlement to Receive Payments

Plaintiffs next argue that the mortgages are invalid because defendants are not note holders as defined by the original notes and are not entitled to receive payments. See Compl. ¶ 34(b), (c). Specifically, plaintiffs argue that the foreclosures were invalid because no default occurred in a condition of the mortgages by which the power to sell became operative. See Minn. Stat. § 580.02(1).

Construction of a mortgage is a question of law. Bus. Bank v. Hanson, 769 N.W.2d 285, 288 (Minn. 2009). The court must give effect to all of the language in a mortgage. Id. In general, "where several instruments are executed as part of one transaction, and they are all consistent with each other, they will be read and construed together even if their terms do not refer to each other." Anda Const. Co. v. First Fed. Sav. & Loan Ass'n, Duluth, 349 N.W.2d 275, 278 (Minn. Ct. App. 1984). However, Minnesota courts

10

recognize that "the note and the mortgage are separate and distinct instruments." Id. (quoting Winne v. Lahart, 193 N.W. 587, 588-89 (Minn. 1923). But see Roemhildt v. Kristall Dev., Inc., 798 N.W.2d 371, 374-75 (Minn. Ct. App. 2011) (noting question of simultaneously executed documents is determined on facts of particular case).

The mortgages unambiguously state that the lender "may require immediate payment in full of all sums secured by [the mortgage] ... and may invoke the power of sale" when a mortgagor defaults under the mortgage. VanderPol Aff. Exs. A § 22, D § 22, G § 22. Unlike each note, the mortgages define "lender" without reference to holding the note or entitlement to receive payments. No mortgage incorporates the definition of lender from the note. Under the terms of the mortgages, the mortgagees and their assigns are entitled to accelerate and foreclose provided that the assignments are recorded.

Moreover, imposing the note definition of lender upon the mortgage renders the definition of lender — and foreclosure provisions of the mortgage — inoperative. Under Minnesota law, "any mortgage of real estate containing a power of sale, upon default being made in any condition thereof, may be foreclosed by advertisement." Minn. Stat. § 580.01. The holder of the recorded mortgage is entitled to foreclose and need not be a note holder to do so. Jackson v. Mortg. Elec. Registration Sys., Inc., 770 N.W.2d

11

487, 497 (Minn. 2009); see Stein v. Chase Home Fin., LLC, 662 F.3d 976, 980 (8th Cir. 2011). Use of different definitions in the note and mortgage shows that the parties know how to restrict the meaning of the term lender to the party holding the note. The parties did not do so in the mortgages. Indeed, placing different requirements on the note holder and mortgage holder is consistent with Minnesota law allowing separation of equitable and legal title. Therefore, plaintiffs' argument fails, and defendants, as the holders of recorded mortgages, are entitled to foreclose.

### 3. Execution of Assignments

Plaintiffs next claim that "upon information and belief, the assignments have not been executed ... as required by Minnesota law." Compl. ¶ 16; see id. ¶ 34(d). On its face, this conclusory statement does not meet the requirements of Federal Rule of Civil Procedure 8, and dismissal is warranted.

Plaintiffs expand their argument in response to the motion to dismiss, and state that "[i]t appears that [Patricia] Olivera did not have authority to execute the mortgage assignment" from Argent to U.S. Bank.[5] Plaintiffs argue that Olivera was employed by ACC Capital Holdings but signed in the capacity as a vice president of Argent. See McPherson Aff. ¶ 1.

---

[5] Plaintiffs make no allegations regarding assignment authority as to the Haubrich or Yang mortgages.

As an initial matter, plaintiffs lack standing to challenge the assignment: they are not parties to the assignment and any dispute would be between Argent and U.S. Bank. Jackson, 770 N.W.2d at 500. Moreover, even if plaintiffs had standing and even considering the additional affidavit as embraced by the pleadings, it does move the claim beyond sheer speculation. Therefore, this argument fails.

**4. Validity of Assignments**

Plaintiffs next claim that "upon information and belief, the chain of title to Plaintiffs' Mortgages is broken and Defendants have no, (sic) right, title or interest in Plaintiffs' property." Compl. ¶ 17. Plaintiffs allege that "[t]he Assignments of Plaintiff's (sic) Mortgages were invalid" apparently because "upon information and belief, the assignments ... have not been recorded as required by Minnesota law." Id. ¶ 16; see id. ¶ 34(e). The complaint contains no facts in support of this claim, and this bare conclusory statement does not meet the requirements of Federal Rule of Civil Procedure 8. As a result dismissal is warranted.

Plaintiffs seek to introduce facts in support of the complaint in their memorandum in opposition and accompanying un-notarized affidavits of Rae Couch and Bethany Suhreptz. The affidavits state that the original lenders for the Connors and Haubrichs mortgages

13

entered into pooling and service agreements with other entities.[6] Plaintiffs argue that an unrecorded assignment may exist that renders invalid the recorded assignments. Even accepting the affidavits as necessarily embraced by the pleadings,[7] the pooling and service agreements support only speculation about what may have happened; they do not allow a plausible inference when defendants present a facially valid record of assignments. As a result, dismissal is warranted.

**C. Declaratory Judgment**

**1. Pooling and Service Agreements**

Plaintiffs next seek a declaration that defendants have no right to foreclose based on their "information and belief" that the notes and mortgages were assigned into a trust. As the court already noted, the complaint contains only conclusory statements regarding transfer of the notes and mortgages into trusts. The

---

[6] Contrary to plaintiffs' statements in their memorandum in opposition to the present motion, plaintiffs appear not to have located the purported pooling and service agreements. Compare Pls.' Mem. Opp'n 15 ("Plaintiffs have located all three of the Pooling and Servicing Agreements into which the original loans were sold and have identified the defects in the chain of title to the mortgage assignments."), with Couch Aff. ¶ 12 ("I was unable to locate the Trust Agreement for the Yang loan.") and id. ¶¶ 22-25 (Haubrich trust "is listed as a 'Private Placement Trust' and no further information [is] available"). References in the memorandum to the Johnson, Yang and Washington loans suggest that the brief was copied from another action. See Pls.' Mem. Opp'n 15.

[7] The court notes that the SEC filings regarding the pooling and service agreements are matters of public record, but plaintiffs did not submit the alleged agreements.

complaint fails to state a claim on its face, and dismissal is warranted.

Moreover, even considering the Couch and Suhreptz affidavits and accepting that the original lenders for the Connors and Haubrichs entered into pooling and service agreements, the argument fails because plaintiffs are not parties to those agreements, and lack standing to challenge a purported breach of those alleged agreements. See Blaylock v. Wells Fargo Bank, N.A., No. 12-693, 2012 WL 2529197, at *5 (D. Minn. June 29, 2012). As a result, for this additional reason, plaintiffs are not entitled to a declaration regarding the validity or effect of the alleged trust agreements. Therefore, the complaint fails to state a claim for declaratory relief as to the pooling and service agreements.

**2. Acceleration of Payments**

Plaintiffs next seek a declaration regarding the right to accelerate payments. Any dispute about acceleration and sale is between the note holder and mortgage holder; plaintiffs lack standing to challenge such potential disputes. See Jackson, 770 N.W.2d at 550. Moreover, the complaint contains no facts or allegations suggesting that defendants accelerated balances. Therefore, plaintiffs fail to state a claim, and dismissal is warranted.

### D. Slander of Title

Plaintiffs next claim slander of title. To state a claim for slander of title, a plaintiff must allege facts that show:

> (1) That there was a false statement concerning the real property owned by the plaintiff; (2) That the false statement was published to others; (3) That the false statement was published maliciously; and (4) That the publication of the false statement concerning title to the property caused the plaintiff pecuniary loss in the form of special damages.

Paidar v. Hughes, 615 N.W.2d 276, 279-80 (Minn. 2000). The filing of an instrument known to be inoperative is a false statement that, if done maliciously, constitutes slander of title. Kelly v. First State Bank of Rothsay, 177 N.W. 347, 347 (1920).

In the present case, plaintiffs fail to allege facts from which the court could infer that defendants made a false statement, that defendants acted with malice or that plaintiffs suffered any pecuniary damages from the publication of amounts due on their mortgages. Therefore, plaintiffs fail to state a claim, and dismissal is warranted.

### II. Sanctions

Consistent with the pronouncement of the court at oral argument, the court considered sanctions under Federal Rule of Civil Procedure 11 and 28 U.S.C § 1927. The court determines that sanctions are not warranted in this action, because at the time of oral argument, the theory advanced had not been squarely addressed

16

by this district. The court cautions counsel that several judges of the district have now rejected the contractual show-me-the-note theory of the present action.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to dismiss [ECF No. 4] is granted with prejudice;

2. The motion for sanctions [ECF No. 6] is denied;

3. The notice of lis pendens recorded on February 14, 2012, in Chisago County as document number A-541388 is discharged;

4. The notice of lis pendens recorded on February 14, 2012, in Wright County as document number 1194618 is discharged;

5. The notice of lis pendens recorded on February 17, 2012, in Anoka County as document number 507255.002 is discharged; and

6. This action is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 21, 2012

                                          s/David S. Doty
                                          David S. Doty, Judge
                                          United States District Court